O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL TAPLIN,<br><br>                  Petitioner,<br><br>   v.<br><br>P.D. BRAZELTON, WARDEN,<br><br>                  Respondent. | NO. CV 12-7166-PSG (MAN)<br><br>ORDER DISMISSING PETITION<br>AS SECOND OR SUCCESSIVE<br>AND DENYING A CERTIFICATE<br>OF APPEALABILITY |

    Petitioner, a California state prisoner, filed a 28 U.S.C. § 2254 habeas petition on August 20, 2012 ("Petition").  The Petition is the second habeas corpus petition filed by Petitioner in this Court stemming from his 2001 state court conviction.

    Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."  Rule 4, 28 U.S.C. foll. § 2254.  For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b).

**BACKGROUND**

On April 27, 2005, Petitioner filed a Section 2254 habeas petition in this Court in Case No. CV 05-3095-AHM (CT) (the "Prior Action"). The petition in the Prior Action challenged the same 2001 state court conviction at issue here. Petitioner raised 13 claims, which were based on allegations of: improper joinder of counts; numerous instances of prosecutorial misconduct; ineffective assistance of trial and appellate counsel in numerous respects; a Fourth Amendment violation; evidentiary error; juror bias; instructional error; and an Eighth Amendment violation premised on Petitioner's sentence.[1] On August 11, 2006, Judgment was entered in the Prior Action, denying habeas relief on the merits and dismissing the action with prejudice. Petitioner appealed, and the Ninth Circuit granted a certificate of appealability with respect to a prosecutorial misconduct claim (Case No. 06-56316). On December 14, 2009, the Ninth Circuit affirmed the Judgment in the Prior Action, and the mandate issued on April 28, 2010. Petitioner sought certiorari, and the United States Supreme Court denied his petition on October 5, 2010. (Case No. 10-5524)

A review of the Ninth Circuit's dockets shows that Petitioner has not sought leave to file a second or successive petition with respect to his 2001 state court conviction.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of: this district's case files and records; and the dockets for the United States Court of Appeals for the Ninth Circuit, which are available through the PACER system.

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. <u>McNabb v. Yates</u>, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must <u>first</u> obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." <u>Burton v. Stewart</u>, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

By the Prior Action, Petitioner sought Section 2254 relief based on the same state court conviction at issue here, and his habeas petition was resolved adversely to him on its merits. The instant Petition also seeks to challenge Petitioner's 2001 conviction and, thus, is successive. To pursue a Section 2254 habeas action attacking his 2001

conviction, Petitioner must persuade the Ninth Circuit that at least one of the predicates set forth in Section 2244(b)(2) exists for any claim he now wishes to raise. Based on the nature of the claims alleged in the instant Petition, it is difficult to see how Petitioner will be able to satisfy Section 2244(b)'s requirements.[2] In any event, this is a threshold decision for the Ninth Circuit, not this Court.

Petitioner has not sought and obtained leave from the Ninth Circuit to bring a second or successive Petition in this Court. As Petitioner has not obtained permission to bring a second or successive petition, this Court lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); *see also* Burton, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has

---

[2] It is also difficult to see how the Petition could be found to be timely or cognizable. As the attachments to the Petition show, the state courts found Petitioner's most recent habeas petitions to be substantially untimely. Moreover, it is plain on the face of the Petition that the three grounds raised do not state cognizable federal habeas claims. Ground One -- which alleges a Fourth Amendment violation based on an illegal search -- is barred by Stone v. Powell, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052 (1975). Indeed, Petitioner raised a similar Fourth Amendment claim as Ground Seven in the Prior Action, and it was found to be barred by the Stone v. Powell rule. Grounds Two and Three -- which complain that the trial court and the California Court of Appeal committed procedural errors in denying Petitioner's most recent state court habeas petitions -- also do not state cognizable bases for federal habeas relief. *See, e.g.,* Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997); Villafuerte v. Stewart, 111 F.3d 616, 632 n.7 (9th Cir. 1997).

considered whether a certificate of appealability is warranted in this case.  *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED:    August 23, 2012

                                              PHILIP S. GUTIERREZ
                                     UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

5